Georgia A. Staton, Bar #004863
Michele Molinario, Bar #020594
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7854
gstaton@jshfirm.com
mmolinario@jshfirm.com

Attorneys for Defendants City of Scottsdale;
Alan Rodbell and Brian McWilliams

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandria Loxas, as the surviving daughter of decedent John Loxas, Jr.; and John Loxas, Sr., on his own behalf and a surviving parent of decedent John Loxas, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> City of Scottsdale; James Peters; Alan Rodbell, Scottsdale Police Chief; Brian McWilliams; and other as-yet unknown Scottsdale Police Officers, <br><br> Defendants. | NO. CV12-02015-PHX-DGC <br><br> **ANSWER BY DEFENDANTS CITY OF SCOTTSDALE, CHIEF RODBELL AND BRIAN MCWILLIAMS** |

Defendants, City of Scottsdale, Alan Rodbell and Brian McWilliams, for their Answer to Plaintiffs' Complaint, admit, deny and allege as follows:

Defendants deny each and every allegation contained in Plaintiffs' Complaint and each claim for relief which is not hereinafter expressly admitted or otherwise pleaded to.

## **INTRODUCTION**

1. Answering Paragraph 1 of Plaintiffs' Complaint, Defendants admit that Defendant Peters fired his service weapon at John Loxas, Jr. after the Scottsdale Police Department responded to a report that John Loxas, Jr. pointed a gun at a neighbor

during a dispute; that Defendant Peters had been involved in six (6) prior officer-involved shootings, all of which were found to be justified; and that the Maricopa County Attorney's Office independently reviewed each of the prior shootings and determined that Defendant Peters did not commit any act(s) that warranted criminal prosecution. Defendants deny all remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendants admit that Plaintiffs allege their action arises under the constitution and the laws of the United States.

3. Answering Paragraph 3 of Plaintiffs' Complaint, Defendants admit that venue is proper in this Court.

## PARTIES

4. Answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit that John Loxas, Jr., was a 50-year old resident of Scottsdale, Arizona when Defendant Peters fired his service weapon on February 14, 2012.

5. Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 5.

6. In answering Paragraphs 6–7 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore deny same.

7. Answering Paragraph 8 of Plaintiffs' Complaint, Defendants deny that two Plaintiffs have standing, at the same time, to assert claims for the wrongful death of John Loxas, Jr. under A.R.S. § 12-612. Defendants specifically deny that Plaintiffs have standing to raise 42 U.S.C. § 1983 claims on behalf of the decedent.

8. Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit that the City of Scottsdale is a political subdivision of the State of Arizona, and that the City of Scottsdale employed Defendants Rodbell, Peters, and McWilliams. Defendants also admit that Defendants Peters and McWilliams acted under color of law. Defendants

admit that Defendant Rodbell is the final decision-maker for some matters, but deny the final decision-maker allegations as phrased in Paragraph 9 of Plaintiffs' Complaint. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

9. Answering Paragraph 10 of Plaintiffs' Complaint, Defendants admit that Defendant Rodbell has been the Chief of Police of the City of Scottsdale since 2003; and that he typically reviews officer-involved shooting internal investigations after they have been investigated by a criminal investigator and the internal affairs investigator, and reviewed by the Maricopa County Attorneys' Office and the Major Incident Use of Force Board. Defendant Rodbell reviews the officer-involved shooting investigations with his Command Staff. The remaining allegations are argumentative and improperly call for a legal conclusion, thus these Answering Defendants deny same.

10. Answering Paragraph 11 of Plaintiffs' Complaint, Defendants admit that Defendant Brian McWilliams was employed by the City of Scottsdale as a detective at all relevant times.

**FACTS**

11. Answering Paragraph 12 of Plaintiffs' Complaint, Defendants admit that, at some point on February 14, 2012, John Loxas, Jr. returned to his home with his grandson after it was reported that John Loxas, Jr. pointed a gun at a neighbor while holding his grandson.

12. Answering Paragraph 13 of Plaintiffs' Complaint, Defendants admit that a neighbor reported to Scottsdale Police Department that John Loxas, Jr. pointed a gun at a neighbor during a dispute.

13. Answering Paragraph 14 of Plaintiffs' Complaint, Defendants admit that twice on February 14, 2012, John Loxas, Jr. returned to his home with his grandson after it was reported that John Loxas, Jr. pointed a gun at a neighbor while holding his grandson. On the second occasion, he was met by several Scottsdale police officers. Several Scottsdale police officers, including Defendant Peters, approached John Loxas,

Jr.'s home. John Loxas, Jr., at some point, eventually opened the front door but refused to comply with officers' verbal commands.

14. Answering Paragraph 15 of Plaintiffs' Complaint, Defendants admit that when John Loxas, Jr. opened the front door, and refused to comply with the officers' verbal commands, he was holding his infant grandson in his arms.

15. Answering Paragraph 16 of Plaintiffs' Complaint, Defendants admit that Defendant Peters fired his service weapon at John Loxas, Jr., and that none of the other officers at the scene fired a weapon. Defendants deny the remaining allegations.

16. Defendants deny the allegations of Paragraph 17 of Plaintiffs' Complaint.

17. Answering Paragraph 18 of Plaintiffs' Complaint, Defendants admit that after Defendant Peters fired his service weapon at John Loxas, Jr., it was confirmed that John Loxas, Jr. did not have a weapon in his hand or on his person.

18. Answering Paragraph 19 of Plaintiffs' Complaint, Defendants admit only that John Loxas, Jr. was holding his grandson.

19. Answering Paragraph 20 of Plaintiffs' Complaint, Defendants admit only that John Loxas, Jr.'s grandson was observed on the ground after the incident. Defendants deny the remaining allegations.

**SEARCH OF LOXAS' HOME**

20. Answering Paragraph 21 of Plaintiffs' Complaint, Defendants admit that Defendant McWilliams obtained a warrant to search Loxas' home, and that the search warrant affidavit made reference of John Loxas, Jr. having been observed with a gun. Defendants deny the remaining allegations.

21. Answering Paragraph 22 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore deny same.

1   22.   Answering Paragraph 23 of Plaintiffs' Complaint, Defendants admit that John Loxas, Jr.'s home was searched pursuant to a search warrant signed by the Honorable Judge Barbara Hamner.

23.   Answering Paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore deny same.

**DEFENDANT PETERS' HISTORY OF SHOOTINGS AND USE OF FORCE**

24.   Answering Paragraph 25 of Plaintiffs' Complaint, Defendants admit only that, prior to the Loxas incident, Defendant Peters had been involved in six incidents involving Defendant Peters firing his service weapon.

25.   Answering Paragraph 26 of Plaintiffs' Complaint, Defendants admit that prior to the Loxas incident, Defendant Peters had been involved in six officer-involved shootings that resulted in the death of five individuals.

a.   Defendants admit that in February 2010, Defendant Peters fired his service weapon at Jimmy Hammack, a bank robbery suspect with a felony warrant, who had endangered the lives of Officers Galbraith and Herrick.

b.   Defendants admit only that in August 2006, Defendant Peters fired his service weapon at Kevin Hutchings, who fired a gun at Scottsdale Police Officers. Mr. Hutchings' family filed a lawsuit that subsequently resolved.

c.   Defendants admit only that in April 2006, Defendant Peters fired his service weapon at Brian Daniel Brown, who threatened the life of a hostage at a Safeway Store and was awarded the Medal of Valor for saving the life of the hostage..

d.   Defendants admit only that in October 2005, Defendant Peters fired his service weapon at Mark Wesley Smith, who threatened the lives of Officer Alvarado and Defendant Peters with a pipe.

e.   Defendants admit only that in March 2003, Defendant Peters fired his service weapon at Brent Bradshaw, an armed subject.

5

|   |   |
|---|---|
| 1 |     f. Defendants admit only that in November 2002, Defendant Peters fired his service weapon at Albert Redford, an armed subject. |

  26. Answering Paragraph 27 of Plaintiffs' Complaint, Defendants admit only that over Defendant Peters' ten-year career as a law enforcement officer and SWAT officer, he had been involved in incidents justifying the use of force. Defendants deny the remaining allegations.

  27. Answering Paragraph 28 of Plaintiffs' Complaint, Defendants admit that between November 14, 2011 and February 14, 2012, Defendant Peters was the subject of four citizen complaints. The Scottsdale Police Department reviewed these complaints and none of the allegations were sustained.

  28. Answering Paragraph 29 of Plaintiffs' Complaint, Defendants admit only that Defendant Peters was disciplined by the Scottsdale Police Department in 2002 and 2005.

  29. Answering Paragraph 30 of Plaintiffs' Complaint, Defendants admit only that Scottsdale Police Department officers have been involved in incidents involving the use of force. Defendants deny the remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

  30. Answering Paragraph 31 of Plaintiffs' Complaint, Defendants admit only that two SWAT team officers became involved in an incident involving David Hulstedt after he threatened to harm his child, and that he was shot by two SWAT team officers. Defendants admit that John Loxas, Jr. was holding a child in his arms and that it was later determined that he was unarmed. Defendants deny the remaining allegations.

  31. Answering Paragraph 32 of Plaintiffs' Complaint, Defendants admit that the Hulstedt shooting was reviewed by the Scottsdale Police Department and the Maricopa County Attorney's Office, and that the officers' actions were deemed justified and did not warrant criminal prosecution. Defendants deny the remaining allegations.

  32. Answering Paragraph 33 of Plaintiffs' Complaint, Defendants admit only that the family of Mr. Hulstedt filed a civil lawsuit (W. Eric Hulstedt, et al. v. City of

Scottsdale, Arizona, et al., USDC Case No. 09-1258-PHX-GMS). Paragraph 33 of Plaintiffs' Complaint is argumentative and improperly calls for a legal conclusion and therefore, Defendants deny the remaining allegations.

33. Defendants deny the allegations of Paragraphs 34-38 of Plaintiffs' Complaint.

34. Answering Paragraph 39 of Plaintiffs' Complaint, Defendants admit only that Jason Edward Prostrollo threatened imminent physical harm to Scottsdale Police Officers with a pool cue, and was shot by a Scottsdale police officer.

35. Defendants deny the allegations of Paragraph 40 of Plaintiffs' Complaint.

36. Answering Paragraph 41 of Plaintiffs' Complaint, Defendants admit that Defendant Peters applied for disability retirement and that the Public Safety Personnel Retirement System approved the application.

37. Defendants deny the allegations of Paragraph 42 of Plaintiffs' Complaint.

38. Answering Paragraph 43 of Plaintiffs' Complaint, Defendants affirmatively allege that the internal affairs investigation is ongoing and deny that a result has been reached.

**SCOTTSDALE POLICE DEPARTMENT AND THE CITY OF SCOTTSDALE RESPONSE TO PRIOR INCIDENTS INVOLVING OFFICER PETERS**

39. Answering Paragraph 44 of Plaintiffs' Complaint, Defendants admit that the Major Incident Use of Force Board reviews any use of force resulting in a person's death.

40. Answering Paragraph 45 of Plaintiffs' Complaint, Defendants admit that the Use of Force Board and the Major Incident Use of Force Board are not tribunals convened for the purpose of gathering testimony from personnel or witnesses. Defendants deny the remaining allegations of Paragraph 45.

41. Answering Paragraph 46 of Plaintiffs' Complaint, Defendants admit that internal investigations and criminal investigations are conducted following use of force incidents resulting in serious injury or death. Defendants deny the remaining allegations contained in Paragraph 46.

42. Answering Paragraph 47 of Plaintiffs' Complaint, Defendants admit that the Use of Force Review Board (non-deadly force) does not take disciplinary action against employees. Defendants deny the remaining allegations of Paragraph 47.

43. Defendants deny the allegations of Paragraphs 48-49 of Plaintiffs' Complaint.

44. Answering Paragraph 50 of Plaintiffs' Complaint, Defendants deny these allegations, as there is no "Scottsdale County" Attorney's Office. Defendants admit that the Maricopa County Attorney's Office is involved in reviewing officer-involved shootings and that it found Defendant Peters did not commit any act(s) warranting criminal prosecution.

45. Defendants deny the allegations of Paragraphs 51-53 of Plaintiffs' Complaint.

## SERVICE OF ARIZONA TORT CLAIM NOTICES

46. Answering Paragraph 54 of Plaintiffs' Complaint, Defendants deny that Plaintiffs' complied with A.R.S. § 12-821.01:

    a. Defendants admit that a Notice of Claim addressed to the City Clerk's Office was received on June 25, 2012.

    b. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46(b) and therefore deny same.

    c. Defendants admit that Defendant McWilliams received a copy of a Notice of Claim addressed to Defendant McWilliams on July 2, 2012.

. . .

. . .

. . .

8

# COUNT I
# EXCESSIVE FORCE

47. Answering Paragraph 55 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

48. Defendants deny the allegations of Paragraphs 56 through 60 of Plaintiffs' Complaint.

# COUNT II
# SUPERVISORY LIABILITY

49. Answering Paragraph 61 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

50. Defendants deny the allegations of Paragraphs 62 through 66 of Plaintiffs' Complaint.

# COUNT III
# UNLAWFUL SEARCH

51. Answering Paragraph 67 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

52. Defendants deny the allegations of Paragraphs 68 through 71 of Plaintiffs' Complaint.

# COUNT IV
# FAILURE TO INTERVENE

53. Answering Paragraph 72 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

54. Answering Paragraphs 73 through 75 of Plaintiffs' Complaint, these allegations are not directed at these answering Defendants and therefore no response is

given. To the extent Paragraphs 73 through 75 are directed to these answering Defendants, Defendants deny the allegations.

## COUNT V
## MUNICIPAL LIABILITY

55. Answering Paragraph 76 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

56. Defendants deny the allegations of Paragraphs 77 through 84 of Plaintiffs' Complaint.

## COUNT VI
## WRONGFUL DEATH – INTENTIONAL BATTERY

57. Answering Paragraph 85 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

58. Defendants deny the allegations of Paragraphs 86 through 89 of Plaintiffs' Complaint.

## COUNT VII
## GROSS NEGLIGENCE

59. Answering Paragraph 90 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

60. Defendants deny the allegations of Paragraphs 91 through 94 of Plaintiffs' Complaint.

## COUNT VIII
## NEGLIGENT HIRING, SUPERVISION OR RETENTION

61. Answering Paragraph 95 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

| | |
|---|---|
| 1 | 62. Defendants deny the allegations of Paragraphs 96 through 98 of Plaintiffs' Complaint. |

62. Defendants deny the allegations of Paragraphs 96 through 98 of Plaintiffs' Complaint.

### COUNT IX
### TRESPASS

63. Answering Paragraph 99 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

64. Defendants deny the allegations of Paragraphs 100 through 102 of Plaintiffs' Complaint.

### DAMAGES

65. Defendants deny the allegations of Paragraphs 103 and 104 of Plaintiffs' Complaint.

66. Defendants affirmatively allege that they are entitled to an award of reasonable attorneys' fees, costs, compensation for lost income and all expenses they have incurred in the defense of this civil action pursuant to A.R.S. § 13-420.

### AFFIRMATIVE DEFENSES

1. A.R.S. §12-820.04 bars Plaintiffs from claiming punitive damages on any state law claim against a governmental entity or governmental employees acting within the course and scope of their employment.

2. *Smith v. Wade,* 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991), bar Plaintiffs from claiming punitive damages on any federal claim against a governmental entity or individually named Defendants in their official capacities.

3. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

4. Plaintiffs failed to comply with the Notice of Claim statute, A.R.S. § 12-821.01(A).

5. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law as set forth in *Hunter v. Bryant,* 112 S. Ct. 534 (1991) and *Saucier v. Katz,* 121 S. Ct. 2151 (2001).

6. Defendants are entitled to all privileges and immunities extended to governmental entities and employees under state law, including those privileges and immunities provided in A.R.S. § 12-820, et seq.

7. Plaintiffs have no capacity to sue for, and lack standing to raise, 42 U.S.C. § 1983 claims on behalf of the decedent.

8. Plaintiffs and John Loxas, Jr. are solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby reducing or barring any recovery herein by way of comparative negligence.

9. Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

10. The use of force was justified under A.R.S. §§ 13-409 and 13-410 and privileged.

11. Plaintiffs' alleged damages were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than these Defendants.

12. Plaintiffs and/or John Loxas, Jr. assumed the risk of injury, acted in direct and intentional violation of Arizona law, and acted intentionally and knowingly, jeopardizing their safety and well-being.

13. The search warrant was valid, based on probable cause, and was issued by a neutral magistrate.

14. Defendant McWilliams acted in good faith and the search of the Loxas residence was objectively reasonable and based on probable cause.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request Plaintiffs take nothing thereby and that Defendants are awarded attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349 and 12-350, 13-420, and Rule 11 of the Federal Rules of Civil Procedure.

DATED this 21st day of November, 2012.

JONES, SKELTON & HOCHULI, P.L.C.

By s/Georgia A. Staton
  Georgia A. Staton
  Michele Molinario
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona 85012
  Attorneys for Defendants City of Scottsdale; Alan Rodbell and Brian McWilliams

ORIGINAL electronically filed
this 21st day of November, 2012.

COPY mailed/e-mailed
this 21st day of November, 2012, to:

Hon. David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 58
Suite 623
Phoenix, AZ 85003-2156
602-322-7645

Daniel Joseph Pochoda, Esq.
James Duff Lyall, Esq.
Kelly Joyce Flood, Esq.
ACLU - Phoenix, Arizona
P. O. Box 17148
Phoenix, AZ 85011
Attorneys for Plaintiffs
602-650-1854
FAX: 602-650-1376
E-mail: dpochoda@acluaz.org
    jlyall@acluaz.org
    kflood@acluaz.org

Elizabeth Mazur, Esq.
Elizabeth Wang, Esq.
Jon Loevy, Esq.
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL  60607
312-254-5900
Attorneys for Plaintiffs

Kathleen L. Wieneke, Esq.
Struck Wieneke & Love
3100 West Ray Road
Suite 300
Chandler, AZ  85226
Attorneys for James Peters
480-420-1617
E-mail:  kwieneke@swlfirm.com


s/Gwen Coon_____

3020842.1
11/21/12